# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

MAXITRANSFERS LLC, a foreign limited
liability company,

    Plaintiff,

v.

    Case No.: 2:24-cv-04070-BHH

CARNICERIA LA ESPERANZA LLC, a
domestic limited liability company,
CARNICERIA LA ESPERANZA 2 LLC, a
domestic limited liability company,
CARNICERIA LA ESPERANZA 3 LLC, a
domestic limited liability company,
DAYANIRA DOTEL-PIANTINI, an individual,
and MANJAR LATINO RESTAURANT BAR
& GRILL LLC, a domestic limited liability
company,

    Defendants.
_____/

## VERIFIED COMPLAINT FOR DAMAGES UNDER BREACH OF CONTRACT

Plaintiff, Maxitransfers LLC, hereby sues defendants Carniceria La Esperanza LLC, Carniceria La Esperanza 2, LLC, Carniceria La Esperanza 3, LLC, Dayanira Dotel-Piantini, and Manjar Latino Restaurant Bar & Grill LLC, alleging as follows:

### JURISDICTION AND VENUE

1. Personal jurisdiction is proper in this court as each defendant transacts business in this state and district and each corporate defendant maintains a principal place of business in this state and district.

2. Subject matter jurisdiction is proper in this court as the parties are citizens of different states and the amount in controversy exceeds $75,000.

3. Venue is proper in this court as the defendants transacted business and engaged in the conduct complained of in this district and the corporate defendants maintain principal places of business in this state and district.

## THE PARTIES

4. Plaintiff Maxitransfers LLC is a Delaware limited liability company with its principal place of business located at 222 Las Colinas Blvd., Suite 2000N, Irving, TX 75039-5440. Its sole member is a California trust. Maxitransfers transmits cash and negotiable instruments to third-parties pursuant to specific instructions and delegates third-party companies to act as fiduciaries to facilitate interactions with customers throughout this process.

5. Defendant Carniceria La Esperanza LLC (**Carniceria 1**) is a South Carolina limited liability company which may be served with process at 4192 Mill Creek Drive, North Charleston, South Carolina 29420. Upon information and belief, no member of Carniceria 1 is a citizen of the same state as Maxitransfers LLC. Carniceria 1 provides check cashing and money transmittal services to customers in South Carolina.

6. Defendant Carniceria La Esperanza 2, LLC (**Carniceria 2**) is a South Carolina limited liability company which may be served with process at 1341 College Park Road, Unit H, Summerville, South Carolina 29483. Upon information and belief, no member of Carniceria 2 is a citizen of the same state as Maxitransfers LLC.

7. Defendant Carniceria La Esperanza 3, LLC (**Carniceria 3**) is a South Carolina limited liability company which may be served with process at 1320 Remount Road, North Charleston, South Carolina, 29406. Upon information and belief, no member of Carniceria 3 is a citizen of the same state as Maxitransfers LLC.

8. Defendant Dayanira Dotel-Piantini is an individual residing at 119 Thames Drive, Goose Creek, South Carolina 29445. Ms. Dotel-Piantini is a managing member of the Carniceria La Esperanza defendants.

9. Defendant Manjar Latino Restaurant Bar & Grill LLC (**Manjar Restaurant**) is a South Carolina limited liability company which may be served with process at 6610 Rivers Avenue, North Charleston, South Carolina 29406. Upon information and belief, no member of Manjar Restaurant is a citizen of the same state as Maxitransfers LLC. Manjar Restaurant agreed to act as guarantor for the Carniceria La Esperanza loan.

## FACTUAL ALLEGATIONS

### A. Failure to Remit Transferred Funds – Carniceria 1

10. On August 1, 2016, plaintiff Maxitransfers and defendant Carniceria 1 entered a money transmission agreement (MTA 1). A true and correct copy of MTA 1 is attached as **Exhibit A**.

11. As part of MTA 1, Maxitransfers appointed Carniceria 1, and Carniceria 1 accepted appointment, as a trustee and fiduciary for money transmissions by Maxitransfers.

12. When Carniceria 1 received funds for such a transmission from a customer, it agreed to notify Maxitransfers, who would make equivalent funds available for the customer at the designated destination.

13. Carniceria 1, meanwhile, agreed to hold the funds the customer provided in trust for Maxitransfers and deliver the transferred amount to Maxitransfers by the following Monday, Wednesday, or Friday, whichever came first.

14. Carniceria 1 further pledged as security a lien against its personal property and any proceeds thereof to Maxitransfers under MTA 1 as security for the funds held in trust.

15. Carniceria 1 began processing transactions for customers under MTA 1 shortly after the parties executed it.

16. To process a transaction, Carniceria 1 accepts customer funds plus a small service fee from a consumer visiting its store.

17. Carniceria 1 then notified Maxitransfers of the customer's request to transmit the funds to the intended recipient.

18. Maxitransfers delivered the funds to the recipient as instructed.

19. Maxitransfers complied with its obligations under MTA 1 by transmitting all funds to the intended recipients or returning the funds if the transaction did not clear.

20. However, Carniceria 1 failed to then remit to Maxitransfers all funds it received from the customer and held in trust.

21. Instead, upon information and belief, Carniceria 1 withheld some funds from Maxitransfers for transactions Maxitransfers processed at Carniceria 1 and its customers' request.

22. In the alternative, upon information and belief, Carniceria 1 failed its obligation to ensure the funds it held for Maxitransfers were deposited in Maxitransfers' designated bank accounts.

23. After Carniceria 1 failed to remit the funds owed as described above, Maxitransfers terminated MTA 1.

24. However, to date Carniceria 1 owes Maxitransfers $76,335.71 in funds for transactions Maxitransfers processed at Carniceria 1's and its customer's requests.

25. Carniceria 1's failure to deliver these funds was not authorized by Maxitransfers, justified under MTA 1, or excused.

26. Maxitransfers fully performed its obligations under MTA 1.

27. All prerequisites to relief have been satisfied or excused.

**B.      Failure to Remit Transferred Funds – Carniceria 3**

28. On August 29, 2023, plaintiff Maxitransfers and defendant Carniceria 3 entered a money transmission agreement (**MTA 3**). A true and correct copy of MTA 3 is attached as **Exhibit B**.

29. As part of MTA 3, Maxitransfers appointed Carniceria 3, and Carniceria 3 accepted appointment, as a trustee and fiduciary for money transmissions by Maxitransfers.

30. When Carniceria 3 received funds for such a transmission from a customer, it agreed to notify Maxitransfers, who would make equivalent funds available for the customer at the designated destination.

31. Carniceria 3, meanwhile, agreed to hold the funds the customer provided in trust for Maxitransfers and deliver the transferred amount to Maxitransfers by the following Monday, Wednesday, or Friday, whichever came first.

32. Carniceria 3 further pledged as security a lien against its personal property and any proceeds thereof to Maxitransfers under MTA 3 as security for the funds held in trust.

33. Carniceria 3 began processing transactions for customers under MTA 3 shortly after the parties executed it.

34. To process a transaction, Carniceria 3 accepts customer funds plus a small service fee from a consumer visiting its store.

35. Carniceria 3 then notified Maxitransfers of the customer's request to transmit the funds to the intended recipient.

36. Maxitransfers delivered the funds to the recipient as instructed.

37. Maxitransfers complied with its obligations under MTA 3 by transmitting all funds to the intended recipients or returning the funds if the transaction did not clear.

38. However, Carniceria 3 failed to then remit to Maxitransfers all funds it received from the customer and held in trust.

39. Instead, upon information and belief, Carniceria 3 withheld some funds from Maxitransfers for transactions Maxitransfers processed at Carniceria 3 and its customers' request.

40. In the alternative, upon information and belief, Carniceria 3 failed its obligation to ensure the funds it held for Maxitransfers were deposited in Maxitransfers' designated bank accounts.

41. After Carniceria 3 failed to remit the funds owed as described above, Maxitransfers terminated MTA 3.

42. However, to date Carniceria 3 owes Maxitransfers $19,607.24 in funds for transactions Maxitransfers processed at Carniceria 3's and its customer's requests.

43. Carniceria 3's failure to deliver these funds was not authorized by Maxitransfers, justified under MTA 3, or excused.

44. Maxitransfers fully performed its obligations under MTA 3.

45. All prerequisites to relief have been satisfied or excused.

**C.     Failure to Repay Sums Loaned**

46. On or about February 9, 2024, defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini executed a secured promissory note (**Note**) payable to plaintiff Maxitransfers. A true and correct copy of the Note is attached as **Exhibit C**.

47. Defendants Carniceria 1, Carniceria 2, Carniceria 3, Ms. Dotel-Piantini, and Manjar Restaurant concurrently executed a security agreement (**Security Agreement**) granting a lien

against various assets to secure the promise to pay under the Note. A true and correct copy of the Security Agreement is attached as **Exhibit D**.

48. Ms. Dotel-Piantini signed these agreements on defendants' behalf.

49. Manjar Restaurant then executed a personal guaranty of its co-defendants' repayment obligations under the Note (**Guaranty**). A true and correct copy of the Guaranty is attached as **Exhibit E**.

50. Under the Note defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini agreed to pay Maxitransfers $295,614.38 in fourteen equal payments of $20,000.00 and a final payment of $15,614.38, beginning on March 15, 2024.

51. Defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini agreed they would be in default under the Note if they failed to pay any sums by the date they were due.

52. Defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini further agreed they would be in default under the Note if they materially breached MTA 1, MTA 3, or the Security Agreement or were found bankrupt or insolvent.

53. In the event of default, defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini agreed Maxitransfers could accelerate the total amount owed under the Note.

54. In the event of default, defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini further agreed Maxitransfers could, at its discretion, transfer or register in its own name any collateral they pledged and sell it to recover the amounts due under the Note and Security Agreement.

55. Manjar Restaurant agreed under the Guaranty to pay its co-defendants' obligations under the Note in the event they defaulted on their obligations.

56. Defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini breached MTA 1 and MTA 3, therefore also defaulting under the Note and Security Agreement.

57. To date, defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini owe $207,980.35 under the Note.

58. Manjar Restaurant agreed to guarantee defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini obligations under the Note and Security Agreement.

59. Manjar Restaurant further agreed Maxitransfers may demand repayment from it even without a similar demand to defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini.

60. Manjar Restaurant has not tendered or delivered the funds due under the Note, Security Agreement, and Guaranty.

61. The defendants' failure to deliver the funds due under the Note was not authorized by Maxitransfers, justified under the parties' Note, Security Agreement, and Guaranty, or excused.

62. Maxitransfers fully performed its obligations under the Note, Security Agreement, and Guaranty.

63. All prerequisites to relief have been satisfied or excused.

### CONDITIONS PRECEDENT AND ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

64. Plaintiff performed all conditions precedent to bringing this action, or any such conditions precedent have been waived by defendants.

65. MTA 1, MTA 3, the Note, the Security Agreement, and the Guaranty provide that defendants shall pay all attorneys' fees and costs incurred by plaintiff Maxitransfers in this action.

66. Maxitransfers employed the law firm of Akerman LLP to represent its interests herein and became obligated to pay its attorneys a reasonable fee for their services.

67. The full amounts owed under MTA 1, MTA 3, the Note, the Security Agreement, and the Guaranty are immediately due and payable.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT – CARNICERIA 1 AND 3

68. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

69. By nature of their relationships with the plaintiff, defendants Carniceria 1 and 3 owed contractual duties under MTA 1 and MTA 3, respectively, to plaintiff Maxitransfers.

70. Through their conduct described herein including, inter alia, withholding or failing to deliver funds lawfully due to Maxitransfers under MTA 1 and MTA 3, defendants Carniceria 1 and 3, respectively, breached their contractual duties to the plaintiff.

71. Defendants Carniceria 1 and 3's breaches were without lawful justification.

72. As a direct and proximate result of defendant Carniceria 1 and 3's breaches, plaintiff Maxitransfers has been damaged.

73. As of July 1, 2024, defendant Carniceria 1 owes Maxitransfers $76,335.71 under MTA 1 in addition to attorney's fees, costs, and all other fees and charges collectible under the agreement's terms, which continue to accrue.

74. As of July 1, 2024, defendant Carniceria 3 owes Maxitransfers $19,607.24 under MTA 3 in addition to attorney's fees, costs, and all other fees and charges collectible under the agreement's terms, which continue to accrue.

### SECOND CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY – CARNICERIA 1 AND 3

75. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

76. By nature of their relationships with Maxitransfers, defendants Carniceria 1 and 3 owed fiduciary duties to the plaintiff.

77. Through their conduct described herein including, inter alia, withholding or failing to deliver funds lawfully owed and due to Maxitransfers, defendant Carniceria 1 and 3 breached these fiduciary duties to the plaintiff.

78. Defendants Carniceria 1 and 3's breaches were without lawful justification.

79. As a direct and proximate result of defendant Carniceria 1 and 3's breaches, plaintiff Maxitransfers was damaged.

80. As of July 1, 2024, defendant Carniceria 1 withheld or failed to deliver to Maxitransfers $76,355.71 received in trust on Maxitransfers' behalf.

81. As of July 1, 2024, defendant Carniceria 3 withheld or failed to deliver to Maxitransfers $19,607.24 received in trust on Maxitransfers' behalf.

### THIRD CAUSE OF ACTION
### CONVERSION – CARNICERIA 1 AND 3

82. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

83. Plaintiff Maxitransfers was and remains legally entitled to the funds customers tendered to Carniceria 1 and 3 for money transmissions under MTA 1 and MTA 3, respectively.

84. However, defendants Carniceria 1 and 3 willfully interfered with the plaintiff's possession of the funds.

85. Through their conduct described herein including, inter alia, withholding or failing to deliver funds lawfully owed and due to Maxitransfers, defendants Carniceria 1 and 3 deprived Maxitransfers of lawful possession of the funds.

86. Defendants Carniceria 1 and 3's interference was without lawful justification.

87. As a direct and proximate result of defendant Carniceria 1 and 3's breaches, plaintiff Maxitransfers was damaged.

88. As of July 1, 2024, defendant Carniceria 1 converted $76,355.71 to its own use despite Maxitransfers' entitlement to legal possession.

89. As of July 1, 2024, defendant Carniceria 3 converted $19,607.24 to its own use despite Maxitransfers' entitlement to legal possession.

**FORTH CAUSE OF ACTION**
**BREACH OF CONTRACT – ALL DEFENDANTS**

90. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

91. By nature of their relationship with the plaintiff, defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini owed contractual duties under the Note and Security Agreement to plaintiff Maxitransfers.

92. By nature of its relationship with its co-defendants and the plaintiff, Manjar Restaurant owed contractual duties under the Guaranty to plaintiff Maxitransfers.

93. Through their conduct described herein including, inter alia, withholding or failing to deliver funds lawfully due to Maxitransfers under the Note, defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini breached their contractual duties to the plaintiff.

94. Through its conduct described herein including, inter alia, withholding or failing to deliver funds lawfully due to Maxitransfers under the Guaranty, Manjar Restaurant breached its contractual duty to the plaintiff.

95. The defendants' breach was without lawful justification.

96. As a direct and proximate result of the defendants' breach, plaintiff Maxitransfers has been damaged.

97. As of July 1, 2024, the defendants owe Maxitransfers $207,980.35 under the Note, Security Agreement, and Guaranty, 9.5% interest accruing per annum, and attorney's fees, costs, and all other fees and charges collectible under the agreement's terms, which continue to accrue.

### FIFTH CAUSE OF ACTION
### <u>DECLARATORY JUDGMENT – ALL DEFENDANTS</u>

98. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

99. Through their conduct described herein including, inter alia, withholding or failing to deliver funds lawfully due to Maxitransfers under the Note, defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini are in default under the Note and Security Agreement.

100. Through its conduct described herein including, inter alia, withholding or failing to deliver funds lawfully due to Maxitransfers under the Guaranty, Manjar Restaurant is in default under the Guaranty.

101. Defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini's breach was without lawful justification.

102. Manjar Restaurant's breach was without lawful justification.

103. Defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini owe plaintiff Maxitransfers $207,980.35 under the Note, along with such other interest, fees, and costs which continue to accrue.

104. Manjar Restaurant jointly owes plaintiff Maxitransfers $207,983.35 under the Guaranty, along with such other interest, fees, and costs which continue to accrue.

105. Defendants Carniceria 1, Carniceria 2, Carniceria 3, and Ms. Dotel-Piantini's breach entitles plaintiff Maxitransfers to, at its discretion, transfer or register in its own name the

collateral these defendants pledged and sell it to recover the amounts due under the Note and Security Agreement.

106. Manjar Restaurant's breach under the Guaranty, which incorporates the Security Agreement, entitles plaintiff Maxitransfers to, at its discretion, transfer or register in its own name the collateral Manjar Restaurant pledged and sell it to recover the amounts due under the Note and Security Agreement.

107. Plaintiff Maxitransfers seeks a declaration of its right to transfer or register in its own name the collateral defendants pledged and sell it to recover the amounts due under the Note, Security Agreement, and Guaranty.

## SIXTH CAUSE OF ACTION
## FORECLOSURE OF LIEN – ALL DEFENDANTS

108. Plaintiff Maxitransfers incorporates by reference all previous allegations of its complaint as if fully set forth herein.

109. Plaintiff Maxitransfers maintains a valid, priority lien against the assets under the Note, Security Agreement, and Guaranty that is senior to the defendants' interests, if any.

110. Defendants breached their obligations under the Note, Security Agreement, and Guaranty and the full amounts thereunder are immediately due and payable.

111. Plaintiff was damaged by the defendants' breach of the Note, Security Agreement, and Guaranty.

112. Defendants collectively owe plaintiff Maxitransfers $207,980.35 under the Note and Guaranty, along with such other interest, attorney's fees, and costs which continue to accrue.

113. As a result of the defendants' default under the Note, Security Agreement, and Guaranty, plaintiff Maxitransfers is entitled to foreclose its liens on the defendants' assets pledged

under the Note, Security Agreement, and Guaranty, which are located in Charleston and Berkeley Counties, South Carolina.

114. Defendants own, possess, or may claim an interest in the assets pledged.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Maxitransfers LLC., demands judgment against defendants Carniceria La Esperanza LLC, Carniceria La Esperanza 2, LLC, Carniceria La Esperanza 3, LLC, Dayanira Dotel-Piantini, and Manjar Latino Restaurant Bar & Grill LLC, for damages, principal, interest (including prejudgment interest), attorneys' fees and costs, and such other amounts due under the Money Transmission Agreement, Note, Security Agreement, and Guaranty, foreclosure of its liens against their assets to recover the amounts due, and such other relief as this Court deems just and proper.

Dated: July 22, 2024                    AKERMAN LLP

By: */s/ Chadwick Devlin*
Chadwick Devlin, Esq.
South Carolina Bar No. 12390
Primary Email: chadwick.devlin@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
(212) 880-3800

*Attorney for Maxitransfers LLC*

## VERIFICATION BY MAXITRANSFERS LLC

COUNTY OF Harris
STATE OF Texas

I, Eduardo De La Torre, am a National Sales Director of Maxitransfers LLC, and as such, am an authorized representative of Maxitransfers and specifically am authorized to execute this Verification on behalf of Maxitransfers. I am familiar with the facts asserted in this Verified Complaint. Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

MAXITRANSFERS LLC

By: _____
    _____,

SWORN TO and subscribed before
me this 18th day of July, 2024.
NOTARY PUBLIC:
Sign: _____
Print: Iris Vanessa Cortez
My Commission Expires: 9-11-2027

IRIS VANESSA CORTEZ
Notary ID #124008554
My Commission Expires
September 11, 2027

15